Williams, Judge,
delivered the opinion of the court:
On January 24, 1901, plaintiff and the United States, represented by the Secretary of the Navy, entered into.a contract under the terms of which the plaintiff obligated itself to construct at its own risk and expense one of the three sheathed armored cruisers authorized by the act of March 3, 1899, 30 Stat. 1044, for a consideration of $3,885,-000. The vessel was to be constructed in accordance with the provisions of the acts of Congress relating thereto and in accordance with the plans and specifications required thereby.
The contract required the plaintiff to furnish all labor and material for both the hull and machinery of the vessel except armor and armor bolts, which the defendant agreed to furnish within the time and in the order required to carry on the work properly. The plaintiff was required to prepare and submit to the Secretary of the Navy for approval all the necessary detailed drawings, including those for armor, before the material was ordered or the work commenced.
Article 2 of the contract provides:
“ * * * that the drawings, plans, and specifications aforesaid may be changed, and that such alterations as are not contrary to law may be made in this contract, by the party of the second part, but no such changes shall be made in any respect when the cost thereof shall, in the execution of the work, exceed five hundred dollars ($500), except upon the written order of the Secretary or Acting Secretary of the Navy; that if changes are thus made, the actual cost thereof, and the damage, if any, caused thereby, shall be ascertained, estimated, and determined by a board of naval officers, appointed by the Secretary of the Navy, and that a party of the first part shall be bound by the determination of said board, or a majority thereof, as to the amount of increased or diminished compensation the said party of the first part shall be entitled to receive, if any, in consequence of such change or changes.”
Pursuant to this provision many changes were made in the plans and specifications during the progress of the work. These changes in each instance where the execution of the work exceeded $500 were made upon the written order of *33 tbe Secretary and were referred by him to a board on changes for the ascertainment and determination' of the cost thereof, and the cost of the change as determined by the board was deducted from or added to the contract price as the change increased or decreased the cost of the work.
The contract provided that the vessel should be completed and ready for delivery to the Government on or before the expiration of 36 months from its date, with the provision that if the completion of the vessel should be delayed beyond that period deductions should be made from the contract price at a stipulated amount for each and every day, excepting Sundays, during the continuance of such delay, and until the vessel should be completed and ready for delivery. It was further provided in the contract that:
“All delays that the Secretary of the Navy shall find to be properly attributable to the party of the second part, or to its authorized officers or agents, or any or either of them, and to have been delays operating upon the completion of the vessel within the time specified therefor in this contract, shall entitle the party of the first part to a corresponding extension of the period prescribed for the completion of the vessel: Provided, however, That no- delay, nor the alleged cause or causes thereof, attributed by the party of the first part to the party of the second part, its officers or agents, shall be considered by the Secretary of the Navy unless the party of the first part shall, at the time of the occurrence of such delay, notify him in writing of the facts and circumstances in each case, and of the extent to which the said party of the first part claims that the completion of the vessel is thereby delayed.”
The vessel was completed, with the exception of a few minor items, and was delivered to the defendant at the Norfolk Navy Yard on February 23, 1905, three hundred and ninety-six (396) days beyond the date of delivery fixed in the contract.
In the original petition filed on April 8, 1909, the plaintiff claimed damages in the sum of $198,289. An amended petition was filed on November 27, 1911, in which plaintiff’s demand was increased to $217,527.00. On July 23, 1926, the plaintiff filed a second amended petition in which the *34 demand was further increased to a total sum of $286,466.60, as follows:
.For excessive deductions for the omission of sheathing— $25,931.00
For damages by delay caused by changes_,-142, 014.00
For increased cost of gun foundations_ 13,207.30
For damages by delay in delivery of contract plans_ 24, 680. 00
For damages by delay in delivery of plans of bitts and chocks_ 5, 044.00
For damages by delay in delivery of armor, ordnance and ordnance outfit_ 68,939.60
For balance admitted to be due_ 6,650.70
The claim for damages on account of delay in delivery of armor, ordnance, and ordnance outfit, was asserted by plaintiff for the first time in its second amended petition, there being no reference whatever thereto in either the original or first amended petition in which damages were claimed on account of general delay caused by changes in the drawings, plans, and specifications, delay in the delivery of contract Lr plans, delay in the delivery of plans of bitts and chocks, excessive deduction for the omission of sheathing, and for a balance admittedly due plaintiff under the contract. The defendant filed a motion to strike the second amended petition from the files of the case on the ground that it set up a new, distinct, different, and separate cause of action not alleged in either the original or first amended petition, which cause tof action was barred by the statute of limitations, having been asserted for the first time more than twenty years after the completion and delivery of the vessel. This motion was overruled by the court, and the commissioner of the court to whom the case wNas referred to take the proof and report as to the facts pernfitted the plaintiff to submit evidence in support of the claim.
The contract in this case in its pertinent provisions is identical with the contract which is the subject of suit in Newport News Shipbuilding & Dry Dock Co. v. United States, No. 30372 (the Virginia), decided by the court this day, ante, p. 1. The facts supporting the plaintiff’s various claims in the instant case are substantially the same as the facts supporting similar claims made by the contractor in the former case, with the exception of the claim for damages *35 arising from delays of the Government in the delivery of armor and ordnance which it was required under the contract to furnish. The questions of law involved in the two cases are precisely the same, and a repetition of what we said in no. 30372 is not necessary here. Under the decision in that case, as well as in the case of Moran Bros. Co. v. United Statees, 61 C.Cls. 73, where like questions were considered, the plaintiff is niot entitled to recover as to its claims for excessive deductions from the contract price because of omission of the sheathing, for damages resulting from delays incident to changes in the plans and specifications, or for increased cost of the installation of gun foundations.
Upon the findings of fact the plaintiff cannot recover on the claims for damages resulting from the delay of the Government in the delivery lof complete contract plans, for damages because of delay in the delivery of plans of bitts and chocks, or for damages because of delay in delivery of armor, ordnance, or ordnance outfit within the time and in the order required to carry on the work properly. While the findings are conclusive against the plaintiff’s right to recover in respect to these items and comment on the evidence upon which the findings are based is not required, it should be pointed out that the evidence in support of the claim for damages because (of the Government’s delay in the delivery of armor and ordnance in this case falls short of the satisfactory character of the evidence supporting a similar claim in the case of the Virginia.
In the case of the Virginia there was a delay of 800 days in the final completion of the vessel. In the instant case the delay was only 396 days. While the numerous changes in the plans and specifications of the Virginia, the delay of the contractor in obtaining delivery of structural material which it was required under the contract to furnish, together with other delays for which the Government was in no way responsible, operated in that case as in this to delay the final completion of the vessel, such delays of themselves were not sufficient to account for the total delay of 800 days. It clearly appeared from the monthly reports of the construct *36 ing officer, from numerous letters of the contractor to the constructing officer and officials of the Navy Department, and from statements and admissions made by officials of the Department during the progress of the work, that the delay of the defendant in the delivery of armor and ordnance was retarding the work and delaying the completion of the vessel. In the instant case the delay in the work arising from 1 changes in the contract plans and specifications, the delay of ■ plaintiff in receiving structural material within the time ¡when it was required to properly carry on the work, the delay of the plaintiff in preparing plans which it was required to furnish, the delay caused by bad weather and by rthe temporary suspension of work by certain of plaintiff’s Employees during the Christmas holidays in 1902, operating more or less concurrently, account for the total delay of 396 days in the completion of the vessel. These causes of delay, particularly delays resulting from changes, continued to operate until the vessel was practically completed. Fifty-one changes requiring additional work, for which plaintiff received compensation, were made within the six months’ period preceding the completion of the vessel. .If, as The> plaintiff contends, the work was delayed because of the failure of the Government to furnish certain parts' of the armor promptly when requested to do so, such delay ran concurrently with other delays for which the defendant was not responsible and did not result to any appreciable extent in delaying the final completion of the vessel. Furthermore the contract did not obligate the Government to deliver armor when it was requested by the plaintiff. It was required to make delivery “ within the time and in the order required to carry on the work properly.” Much of the armor about the delayed delivery of which complaint is made was delivered within a reasonable time after request for it was made and some of it was not installed on the vessel for a considerable period after it was delivered. Because of the delayed progress of the Work arising from the causes stated, the armor was delivered within the time and in the order required to carry on the work properly. The same is true as to ordnance and ordnance outfit.
*37 There is admittedly due the plaintiff under the contract the sum of $6,550.70, which the plaintiff is entitled to recover. Plaintiff is awarded judgment in that amount and the petition in respect to all other claims is dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Geeen, Judge; and Booth, Chief Justice, concur.