MaddeN, Judge,
delivered the opinion of the court:
This is an action to recover damages for the alleged delay of the Government in furnishing materials and shop drawings to the plaintiff. The plaintiff had a contract with the United States Navy, dated July 17, 1944, to construct an extension of the raw water pumping station and a new intake line at the Naval Training Center, Bainbridge, Maryland. The contract price was $104,800. The completion date was November 14, 1944. The work was not completed until June 10, 1945, which was 208 days later. The plaintiff incurred substantial additional expenses by having to remain on the job longer than it had anticipated, and sues to recover those additional expenses.
The plaintiff claims that the reason it did not complete its work on time was because the Government was late in supplying it with shop drawings and materials which, under the contract, it was the Government’s duty to supply. The plaintiff has proved that the Government was slow in these regards. But it has not shown that it was damaged, to any extent which we can measure even by approximation, by the Government’s delay. The reason is that the evidence shows that there would have been substantially the same •delay in the completion of the job, if the Government had ¡been prompt in supplying the materials and drawings.
The principal cause of delay, other than that caused by •the Government, was the work on a 24-inch intake line, which the plaintiff was to lay from a point under the Susquehanna .¡River to the well under the pumping station. The ditch for this line had to be excavated out of rock, and much of the length of this ditch was in the bed of the river. At first the plaintiff attempted to dry the bed of the river with a cofferdam around the area through which the ditch was to be dug. Tor some reason this proved impracticable, and the plaintiff then built an earthen causeway parallel to the proposed line of the ditch, and operated a crane from this causeway to ¡bail out the blasted rock, and, after the pipe had been laid, *526 to backfill the ditch. The pipe had been laid by December 11, 1944, and the plaintiff began to remove the causeway, but it was interrupted by winter weather and was not able to remove it until April 10,1945.
For all of the delay with regard to the 24-inch intake line the Government was in no way responsible. Yet this work-kept the plaintiff on the job until it was completed, and even if, because of the tardiness of the Government in supplying materials and shop drawings, the plaintiff would have been kept on the job regardless of the work on the 24-inch intake line, it cannot be said that the plaintiff has been hurt by the other delays which operated simultaneously with the one for which the Government was not responsible. See Irwin and Leighton v. U. S., 106 C. Cls. 398, 455. Newport News Shipbuilding and Dry Dock Co. v. U. S., 79 C. Cls. 25, 36.
On April 16, a few days after the causeway had been removed, the plaintiff had some difficulties because of the breaking of some tees. After they had been replaced, little' or no work was done on the contract except checking minor-defects so that the completed job could be turned over to the Government. It was so turned over, on June 10, 1945¡ The contracting officer gave the plaintiff a sufficient extension of time to cover the whole period of delay, and wrote, in justification of doing so, that the delay was caused by tardiness of the Government in delivering equipment for the job-. No doubt this was a correct disposition of the problem, so far as excusing the plaintiff from any assessment of liquidated damages for late completion is concerned. But it was not a decision that the plaintiff could have completed its work on time if it had not been for the delays caused by the Government. It was only a decision that the plaintiff could not, because of the delays caused by the Government, have-completed its work on time. Whether it could have done so,, in the absence of the Government causes, was irrelevant, for-the purposes of the contracting officer’s decision.
The plaintiff’s petition will be dismissed.
It is so ordered.
Howell, Judge; Whitaker, Judge; LittletoN, Judge; and JoNes, Chief Judge, concur.